Gkeen, J.
delivered the opinion of the court.
This is an action of debt brought by Frederick H. Watkins, against the administrator with the will annexed of Samuel P. Watkins, deceased. The defendant pleaded. 1. Stat. Lim. 2. Payment. 3. No assets, and 4. Extinguishment by way of retainer as executor, &c,
Upon the trial it appeared from the proof, that in 1839, Samuel P. Watkins died, having made his last will and testament, in which he appointed Frederick H. Watkins his executor. In July, 1839, the said Frederick Ii. Watkins proved the will and qualified as executor thereof, tie continued to act as executor until March, 1841, when he resigned, and Edward R. Freeman was appointed administrator with the will annexed. In December, 1841, the said Frederick H. commenced this suit against the said administrator. Freeman subsequent- *339 iy resigned, and one Claiborne Gee was appointed in bis stead. Gee afterwards died; and Smith, the present plaintiff in error was appointed administrator de lords non of said estate. There came to the hands of the said Frederick H. of the assets of said estate, a negro man worth §650, a girl worth $250, a watch worth $125, and other assets to the value of $1554. Said Watkins paid out $584, in discharge of debts, and when he resigned his executorship, he delivered over to Freeman, the administrator, the two negroes, the watch, and the other assets not paid out by him in discharge of debts.
The court charged the jury among other things, “that at common law, an executor or administrator, who was also a creditor of the testator or intestate, was bound to apply the assets to the satisfaction of his own debt, or demand, if it were of an equal or higher degree than the debt of the other creditors of the estate, and if he failed to apply the assets to the ■satisfaction of his own debt or demand, and paid over the assets to his successor, or to the distributees, or legatees, his debt or demand, was thereby extinguished, and the executor or administrator, could not afterwards recover upon his debt or demand. But by the various acts of our legislature, the common law upon this subject of retainer by an executor or administrator has been modified, and the debt of an executor or administrator would not by operation of law, even if he had assets sufficient to pay all the debts or demands against the estate of his testator or intestate, be extinguished as a matter of law. But, if he had assets sufficient to pay all the debts and demands against the estate of the testator, or intestate, the law raised a presumption that the executor or administra- ■ tor had retained the amount of his own debt, but this presumption may be overturned by proof, thatthe executor or administrator has not retained his debt or demand. An executor or administrator is now governed by our statutes in disposing of the assets, and not by the common law.”
*340 The jury found for the plaintiif and the defendant appealed in error to this court.
The counsel for the plaintiff in error insists that the debt of the plaintiff below is extinguished by operation of law — he having received, as executor of the debtor, assets more than sufficient to satisfy it; the law applied those assets in discharge of his debt, by way of retainer. Blackstone (3 Com. 18) lays down the doctrine of retainer, thus “a remedy by mere operation of law, and grounded upon this reason, that the executor cannot without an apparent absurdity commence a suit against himself: but having the whole in his hands, so much as is sufficient to answer his demand is by operation of law applied to-that particular purpose.” Toll Ex. 295. 1 Com. Dig. 476. 3 Bac. ab. 10. In Darcy’s case, Plow, the court say, “that the reason why the action is lost forever, is, because in judgment of lav/ he is satisfied before; for if the executor has in his hands as much goods as his own debt amounts to, the property in these goods is altered and vested in himself; that is, he has them as his own proper goods in satisfaction of the debt, and not as executor: so that there is a transmutation of property by the operation of law, without suit and execution: for inasmuch as he could not have an action against himself as executor, the operation of law is equivalent to a recovery and execution for him, and the property is as strongly altered, as it could be by recovery and execution &c.” If this were not so, the assets thus coming into the hands of the executor, would remain assets still, and so liable to suing creditors, which is not the case. So in Wankford vs. Wankford. 1 Salk 305, Lord Holt said, that if an executor who is a creditor, has assets, that amounts to payment.
These authorities establish, that the reception of assets by an executor, extinguishes his debt. He holds the goods in satisfaction of his debt, and not as executor. The debt is paid; — the operation of law- being equivalent to a recovery *341 by execution. If this be so, it is plainly impossible that the debt should be revived by any subsequent act of the executor. If he pay out the assets, and do not actually retain for his own debt, it is his folly, for by a conclusion of law he is held to have retained; for as the court say in Dorchester vs. Webb, Cro. Car. 373, as he may retain, he shall do so. There is no act to be done by an executor to constitute a retainer; no volition on his part, as to whether he will retain or not; but the moment he receive assets sufficient to discharge his debt, the law applies them in payment, and the debt becomes extinct instanter.
This doctrine of the common law, so beneficial to executors and administrators, although it may sometimes work a hardship, is recognized and upheld in all its vigor, by the supreme court of the United States in the case of Page vs. Patton, 5 Pet. R. 311, and in the case of Muse vs. Sawyer, (Taylor L. R. 637,) by the supreme court of North Carolina. There is no reason why it should not exist in this state, as it exists in England. In the instruction to the jury, his honor the circuit judge, held, that our legislation had so weakened the doctrine of retainer, that in this state, an executor or administrator might retain for his debt, or not, at his pleasure, and that although as a matter of fact, the law would presume he did retain, yet he might prove that he did not do so, and in such case recover.
To support his honor’s judgment, we must overturn the whole theory of the doctrine of retainer as it exists at common law. That doctrine is, that the reception of assets is a payment of the debt; the assets being held, not as executor, but in satisfaction of his demand. Plainly therefore, it can never be matter of evidence, whether the executor retained in fact, or not; the only enquiry is, did he receive assets.
We do not think this doctrine is at all affected by our legislation, except in relation to insolvent’s estates. Our insolvent *342 laws require a distribution pro rata of an insolvent estate, among all the creditors; and of course, in such case, the right of retainer does not exist.
But in relation to estates not operated on by these laws, the common law doctrine of retainer applies in all its force: But for those laws it is admitted the doctrine would exist here; and we are unable to perceive the force of the argument, that the change our legislation has made in relation to the estates of insolvent persons, by consequence works such a change in the principle of retainer, so as to the modify the doctrine, from a conclusion of law, to a mere presumption of fact.
We think the laws referred to have made no such change as is contended for, nor indeed any change, except in relation to the estates to which they apply in terms. With these views, we think his honor erred in his instruction to the jury; and the judgment must be reversed and the cause remanded for another trial.